UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACQUELINE THIBODEAUX                                CIVIL ACTION

VERSUS                                               NO. 11-592

MICHAEL J. ASTRUE, COMMISSIONER                      SECTION "I" (3)
SOCIAL SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA") and supplemental security income benefits ("SSI") under Title XVI of the SSA. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be granted, the Commissioner's cross-motion be denied, and plaintiff's case be remanded to the Commissioner for proceedings consistent with this recommendation.

### I.     BACKGROUND

Plaintiff filed applications for a period of disability and for DIB and SSI in September 2007, alleging a disability onset date of August 13, 2007. (Adm. Rec. at 13, 82-89). Plaintiff alleged disability due to rheumatoid arthritis, fibromyalgia, osteoarthritis and liver problems. (*Id.* at 109). Plaintiff, born on October 19, 1969, was 37 years old on the date on which she alleged disability and 39 years old at the time of the final administrative decision. (*Id.* at 80). Plaintiff has a middle school

education and past work experience as a stock clerk, retail cashier and deli cutter. (*Id.* at 18, 114).

Defendant initially denied plaintiff's application, and plaintiff sought an administrative hearing, which the agency held on December 17, 2008. (*Id.* at 21-47). Plaintiff and vocational expert John Yent both testified at the hearing.

On May 15, 2009, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 13-20). In her decision, the ALJ concluded that plaintiff has the severe impairments of fibromyalgia, degenerative disc disease and depression. (*Id.* at 15). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 16). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work restricted to "just unskilled jobs." (*Id.* at 17). She concluded that plaintiff could not perform her past work, but that, after consideration of plaintiff's age, education and work experience and in conjunction with the Medical-Vocational Guidelines, her RFC would not preclude performing work that exists in significant numbers in the national economy. (*Id.* at 19). The ALJ thus denied plaintiff's application for DIB and SSI. (*Id.* at 20).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she was not disabled. (*Id.* at 7-8). On January 12, 2011, the Appeals Council denied plaintiff's request. (*Id.* at 1-3). Plaintiff then timely filed this civil action.

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner

as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v.*

*Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III. ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

4

> can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV. ISSUES ON APPEAL

There are two issues on appeal:

(1) Whether substantial evidence supports the ALJ's decision not to accord controlling weight to the opinions of plaintiff's treating rheumatologist.

(2) Whether the ALJ erred when he failed to re-contact the treating rheumatologist.

## V. ANALYSIS

### 1. Whether substantial evidence supports the ALJ's decision not to afford controlling weight to the opinions of plaintiff's treating rheumatologist.

Plaintiff contends that the ALJ erred when she rejected the findings of plaintiff's treating rheumatologist Dr. Luis Espinoza. On a form dated May 7, 2008, Espinoza checked "yes" next to several entries to indicate that plaintiff has swelling at least one or two days a week on average and that, on protracted use of her hands, she suffers progressive stiffness, pain, numbness and cervical pain. (Adm. Rec. at 179-180). Plaintiff thus argues that she is disabled under Social Security Ruling ("SSR") 96-9p because sedentary work requires "good use" of the hands. Plaintiff asserts that there is no contrary opinion in the record from any treating or examining source. Plaintiff contends that the illegible notes in the record that allegedly address swelling require a remand under the case law.

In a related argument, plaintiff notes that Espinoza opined that she can not perform any of the requirements of sedentary work and that there is no contrary opinion in the record. Plaintiff maintains that the only conflicting opinion in the record is from the non-examining expert, which the ALJ also rejected. Plaintiff argues that the findings of a non-treating physician can not constitute substantial evidence to controvert the findings of the treating physician, Espinoza. Plaintiff contends that under the case law, the ALJ may not play doctor and provide her own opinion as to plaintiff's limitations, especially when that opinion is unsupported by evidence in the record.

In her opinion, the ALJ concluded:

> As for the opinion evidence, the assessment provided by treating source Espinoza at Ex. B5F is rejected as unsupported by the preponderance of the evidence. Despite the claim that the claimant has swelling of the hands and knees, the record does not substantiate it. While she has some pain, she has admitted that it is manageable and there is no reason to believe that the claimant is unable to sit long enough to do a full range of sedentary activities. The objective evidence does not establish problems using the hands or moving her knee. She has full range of motion of all upper extremities and the spine. In addition, the state medical consultant assessment at Ex. B3F is rejected since it did not take into consideration all of the evidence available, specifically, the most recent records submitted by Dr. Espinoza that were received, reviewed and added to the record at Ex. B13F after the hearing.

*Id.* at 18.

The opinion of a treating physician familiar with a claimant's impairments, treatments and responses, should be accorded great weight in determining disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing then 20 C.F.R. § 404.1527(d)(2)).[1] "The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994).

Even though the opinion and diagnosis of a treating physician should be accorded considerable weight in determining disability, "the ALJ has sole responsibility for determining a

---

[1] 20 C.F.R. § 404.1527(d) is now 20 C.F.R. § 404.1527(c). To the extent the case law cites Section 404.1527(d), the Court cites it as it is in the case law with the caveat that it is now Section 404.1527(c).

7

claimant's disability status." *Id.* "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Id.* The treating physician's opinions are not conclusive. *See Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999). The opinions may be assigned little or no weight when good cause is shown. *Greenspan*, 38 F.3d at 237. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts when the treating physician's evidence is conclusory, is unsupported by medically-acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *See Brown*, 192 F.3d at 500; *Greenspan*, 38 F.3d at 237; *Paul*, 29 F.3d at 211.

Social Security Administration ("SSA") Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion" and list factors that an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to controlling weight. *See* 20 C.F.R. § 404.1527(c)(2). Specifically, this regulation requires consideration of

> (1) the physician's length of treatment of the claimant,
> (2) the physician's frequency of examination,
> (3) the nature and extent of the treatment relationship,
> (4) the support of the physician's opinion afforded by the medical evidence of record,
> (5) the consistency of the opinion with the record as a whole; and
> (6) the specialization of the treating physician.

The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating

> source's medical opinion will be entitled to the greatest weight and should be adopted even if it does not meet the test for controlling weight.

Social Security Ruling ("SSR") 96-2p, 61 F.R. 34490, 34491 (July 2, 1996). SSR 96-5p provides, with respect to "Residual Functional Capacity Assessments and Medical Source Statements," that "Adjudicators must weigh medical source statements under the rules set out in 20 C.F.R. 404.1527 . . ., providing appropriate explanations for accepting or rejecting such opinions." SSR 96-5p, 61 F.R. 34471, 34474 (July 2, 1996).

Several federal courts have concluded that an ALJ is required to consider each of the Section 404.1527(d) factors when the ALJ intends to reject or give little weight to a treating specialist's opinion. *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998); *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *Dwyer v. Apfel*, 23 F. Supp. 2d 223, 228 (N.D.N.Y. 1998); *Amidon v. Apfel*, 3 F. Supp. 2d 350, 355-56 (W.D.N.Y. 1998); *McDonald v. Apfel*, No. CA 3-97-CV-2035-R, 1998 WL 159938, *8 (N.D. Tex. Mar. 31, 1998). In *Newton v. Apfel*, the Fifth Circuit agreed and held that an ALJ is required to consider each of the Section 404.1527(d) factors before declining to give any weight to the opinions of the claimant's treating specialist. 209 F.3d 448, 456 (5th Cir. 2000).

Here, the Court finds it particularly troubling that the ALJ failed to perform the mandatory analysis required by *Newton* and 20 C.F.R. § 404.1527(c)(1)-(6). While plaintiff failed to explicitly raise this argument, the Court recognizes that under *Newton*, this analysis is mandatory. 209 F.3d at 456 ("The ALJ failed to perform this analysis, which should be conducted on remand."); *see also Burgess v. Astrue*, C.A. No. C-10-371, 2011 WL 1828377, *17 (S.D. Tex. Apr. 21, 2011) ("In

rejecting the opinion of a treating physician, or affording it little weight, an ALJ must consider each and every one of these six criteria. Failure to do so warrants remand of the case so that the analysis may be conducted." (citations omitted)).[2] In her opinion here, the ALJ wholly failed to consider Espinoza's length of treatment of plaintiff, the frequency of Espinoza's examination, the nature and extent of the treatment relationship and Espinoza's specialization. Indeed, the ALJ completely fails to even mention the length of plaintiff's treatment by Espinoza, even though the regulations note that "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. § 416.927(c)(2). The ALJ should have considered Espinoza's considerable length of treatment of plaintiff.

Only "'where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another'" is it unnecessary for the ALJ to perform the six-tiered analysis. *Jowers v. Astrue*, Civ. A. No. 10-CV-944, 2012 WL 641973, *5 (W.D. Tex. Feb. 27, 2012) (quoting *Newton*, 209 F.3d at 458). In *Yearout v. Astrue*, the court was faced with a similar situation and held:

> The ALJ here did not find as a factual matter, and based on competing first-hand evidence, that another doctor's opinion was more well-founded than Dr. Berger's opinion, or weigh Dr. Berger's opinion on disability against the medical opinion of other physicians who had treated or examined Plaintiff and had specific medical bases for a contrary opinion. *Newton*, 209 F.3d at 458. The ALJ was therefore required to perform the analysis outlined in 20 C.F.R. § 404.1527(d)(1)-(6) before

---

[2] "After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by the movant." Fed. R. Civ. P. 56(f)(2). The Court finds that notice here would be an exercise in futility because the Commissioner can not argue that the ALJ analyzed the six criteria as there is no mention of them in her opinion. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455.

10

> rejecting Dr. Berger's opinion. The ALJ did not perform that analysis, however. . . . The ALJ's failure to consider all of the evidence and to conduct an analysis under 20 C.F.R. § 404.1527(d) was in error.

Civ. A. No. 10-CV-0430, 2010 WL 4860784, *10-11 (N.D. Tex. Oct. 26, 2012). The *Yearout* court ultimately remanded the case to the Commissioner for reconsideration. *Id.* at *11.

The Court finds that a similar result is necessary here. Indeed, and as plaintiff correctly argues, the ALJ rejected every medical opinion of a physician in the record, both that of Espinoza and that of the state medical consultant. (Adm. Rec. at 18). That can only mean that she relied on no medical opinion to arrive at her conclusion on plaintiff's RFC. The Fifth Circuit has on numerous occasions warned ALJs not to "play doctor," and the rejection of all medical opinions here appears to reveal that the ALJ arrived at her own medical conclusions. *See Williams v. Astrue*, 355 Fed. Appx. 828, 832 & n. 6(5th Cir. Dec. 10, 2009) (citing *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995), for the proposition that "an ALJ may not – without opinion from medical experts – derive the applicant's residual functional capacity based solely on evidence of his or her claimed medical conditions."). Here, the ALJ rejected all medical opinions and thus relied on none. That was error.[3] **VI. CONCLUSION**

For the foregoing reasons,

**IT IS RECOMMENDED** that the plaintiff's Motion for Summary Judgment be GRANTED, the Commissioner's Cross-Motion be DENIED and that the case be REMANDED to the Commissioner for proceedings consistent with this recommendation.

---

[3] Because the Court remands on this issue, the Court does not consider plaintiff's other arguments.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of May, 2012.

*Daniel E. Knowles, III*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**